UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PLASTIC TECHNOLOGIES OF VERMONT, INC. | ) | Case No. 13-10____- cab |
| | ) | *Chapter 11 case* |
| Debtor in Possession. | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PLASTIC TECHNOLOGIES OF MARYLAND, INC. | ) | Case No. 13-10____- cab |
| | ) | *Chapter 11 case* |
| Debtor in Possession. | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PLASTIC TECHNOLOGIES OF NEW YORK, LLC | ) | Case No. 13-10____- cab |
| | ) | *Chapter 11 case* |
| Debtor in Possession. | ) | |

**DEBTORS' MOTION FOR ORDER DIRECTING
JOINT ADMINISTRATION OF CASES**

Plastic Technologies of Vermont, Inc., Plastic Technologies of Maryland, Inc., and Plastic Technologies of New York, LLC, the debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), hereby move for entry of interim and final orders under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1(b) of the Vermont Local Bankruptcy Rules (the "Local Rules"), administratively consolidating their respective chapter 11 cases for precedurla purposes only, and providing for joint administration (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

## BACKGROUND

A. The Chapter 11 Filings

1. On October 18, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An official committee has not been organized to serve in these cases, and no request has been made for the appointment of a trustee or examiner.

4. This court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C § 157(b)(2).

5. The predicate for the relief requested herein is Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1(b) of the Local Rules.

B. Debtors' Businesses

6.      The Debtors in these cases include Plastic Technologies of Vermont, Inc., Plastic Technologies of Maryland, Inc., and Plastic Technologies of New York, LLC.  The Debtors operate under the tradename Shelburne Plastics.  The Debtors manufacture High Density Polypropylene, Pet and Polyproplene containers for the dairy, water, juice, food and industrial markets. The Debtors operate from four (4) plants located in Vermont, New Hampshire, Maryland, and New York.  The company has been in business since 1974 and provides customers with a variety of containers with custom and standard design.  In 2013, the company has over 65 employees.

C.      Debtors Liabilities

7.      The Debtors' liabilities include a secured obligation to Centrix Bank & Trust with a balance of approximately $3,607,208.70, collateralized by a blanket lien against all of the assets.  In addition, the Debtors have a secured obligation to Business Finance Authority of New Hampshire, Inc. ("BFA") in the approximate amount of $674,449.40.  This obligation is secured by a UCC filing covering certain listed machinery and equipment.  The Internal Revenue Service also has a lien on all of the Debtors' assets in the amount of $939,071.98.

8.      The Debtors' unsecured obligations consist mainly of trade debt and operational lease liabilities, which obligations exceed $3,000,000.00

  D. Events Leading to Chapter 11 Filing

  9. In the summer of 2010, due to personal reasons, president and owner Eugene F. Torvend turned over financial and strategic decision making authority to the company's CFO and COO.

  10. In March of 2011, the company hired a new controller who did not possess the skill set to deal with the complexities of the plastics business.

  11. In 2011 and 2012, under the leadership of the new CFO and COO and controller, a serious of poor business decisions were made that drew substantial cash out of the business and resulted in escalating operating losses. In 2010 the company lost $118,000.00; in 2011 the company lost $491,767.00; and in 2012 the company lost a staggering $2,386,000.00.

  12. During this period, the Companies centered its financial reporting through Plastic Technologies of Vermont, Inc. which resulted in diminishing segregation of financial information as between the companies, which had a commonality of ownership through Gene Torvend, as either shareholder or as Member of the owner limited liability company.

  13. In September of 2012, after sustaining serious losses, the CFO and COO and controller were terminated and an experienced and well qualified CFO was hired and the Company planned for a new future.

14. After significant efforts to find new capital failed, efforts were directed to finding a strategic buyer for the business through the employment of Donald J. Moore, of Harmonics Limited.

15. As of the end of September 2013, the Company has reached a cash crisis dictating having exhausted it available credit and that immediate steps be taken to procure strategic buyer and to proceed to sale as to alternatively ceasing operations due to lack of operating cash.

16. The Company is now contemplating a sale of all fixed assets from the four plant locations as well as all inventory and such other assets under an Asset Purchase Agreement with Continental Container Corporation.

## **RELIEF REQUESTED**

17. By this Motion, the Debtors seek immediate entry of an interim order and, upon notice and subject to the resolution of objections, if any, to the relief requested in the Motion, entry of a final order consolidating, for procedural purposes only, and providing for the joint administration of their three chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules and Local Rule 1015-1(b).

## **BASIS FOR RELIEF**

18. Rule 1015(b) of the Bankruptcy Rules provides, in relevant part, that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may

order the joint administration of the estate of the debtor and such affiliates.  See Fed. R. Bankr. P. 1015(b).  Section 101(2)(B) of the Bankruptcy Code defines the term "affiliate" as a

> corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor other than an entity who holds such securities[.]

19. The entities operate under the tradename "Shelburne Plastics."  The Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code and joint administration of their estates is appropriate under Rule 1015(b) of the Bankruptcy Rules.

20. In addition, due to the several year span of mismanagement, many accounts and assets have been commingled making separation a difficult, if not impossible, task.

21. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect many or all of the Debtors.  With three debtors, each with their own case dockets, the failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists.  Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the clerk of the Court (the "Clerk").

22. Joint administration would permit the Clerk to use a single general docket for the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors'

respective estates. Joint administration also will protect parties in interest by ensuring that the parties in interest in <u>each</u> of the Debtors' respective chapter 11 cases will be apprised of the various matters before the court in all of these cases.

23. Accordingly, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

UNITED STATES BANKRUPTCY COURT

DISTRICT OF VERMONT

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Plastic Technologies of Vermont, Inc. | ) | Case No. 13-10____- cab |
| Plastic Technologies of Maryland, Inc. | ) | *Chapter 11 case* |
| Plastic Technologies of New York, LLC. | ) | Jointly Administered |
| | ) | |
| Debtor in Possession. | ) | |

24. The Debtors submit that use of this simplified caption, naming the three Debtors in a single caption without reference to their respective states of incorporation and tax identification numbers will eliminate cumbersome and confusing procedures and ensure a uniformity of pleadings identification. Further, such case-specific information will be listed in the petitions for the respective Debtors, and such petitions are publically available to parties in interest or will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of section 342 of the Bankruptcy Code and Rules 1007 and 2002 of the Bankruptcy Rules have been satisfied.

25. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of the chapter 11 cases by the Office of the United States Trustee also will be simplified.

26. The Debtors also request that a docket entry reflecting the joint administration, the same or substantially in the form of that contained in the proposed order accompanying this Motion, be made in each of the Debtors' cases.

## LOCAL RULE REQUIREMENTS

27. Rule 1015-1(b) of the Local Rules also permits joint administration of related cases, subject to noticing and other procedural requirements. The Debtors' request for an interim order recognizes the requirements of the Local Rule but reflects the practical necessity in large cases that joint administration procedures be implemented at the inception of the case.

28. Accordingly, the Debtors seek immediate entry of an order granting the requested relief on an interim basis (the "Interim Order"). The Debtors propose to serve notice of this Motion and the entry of the Interim Order, within three (3) business days after entry of the

Interim Order, by first class mail, on (a) the Office of the United States Trustee, (b) counsel for the Debtors' prepetition and post-petition secured lenders, (c) the twenty largest unsecured creditors as set forth in the consolidated list accompanying the Debtors' voluntary petition and (e) all parties that have filed prior to the date of service requests for notice of matters in these cases.

29.     If an objection is timely filed and served on or before the objection deadline set in the notice of this Motion and entry of the Interim Order, such objection will be set for hearing at the next regularly-scheduled hearing in these cases.  The Debtors would seek entry of a final order granting this Motion at such hearing.

30.     The Debtors further request, pursuant to Rule 9029-1(c) of the Local Rules, that the Court may waive any remaining requirements of Rule 1015-1(b) of the Local Rules to the extent necessary to permit the granting of the relief requested herein.

## WAIVER OF MEMORANDUM OF LAW

31.     This Motion does not raise any novel issues of law.  Accordingly, the Debtors respectfully request that the Court waive the requirement contained in Local Rule 9013-5 that the Debtors file a separate memorandum of law in support of this Motion.

## **NO PRIOR REQUEST**

32. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an interim order and then a final order (i) consolidating, for procedural purposes only, and providing for the joint administration of the Debtors' chapter 11 cases and (ii) granting such other and further relief as is just and proper.

Dated at Royalton, Vermont: Sunday, October 20, 2013.

                                      PLASTIC TECHNOLOGIES OF VERMONT, INC.
                                      PLASTIC TECHNOLOGIES OF MARYLAND, INC.
                                      PLASTIC TECHNOLOGIES OF NEW YORK, LLC.

By:    /s/ *Raymond J. Obuchowski*_____
          Raymond J. Obuchowski, Esq.
          Donald F. Hayes, Esq.
          Obuchowski & Emens-Butler, PC
          PO Box 60
          Bethel, VT 05032
          802-234-6244
          802-234-6244 *telefax*
          ray@oeblaw.com
          www.oeblaw.com

          Proposed Counsel to Chapter 11 Debtors