UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

| | |
|---|---|
| IN RE: ) <br> ) <br> PLASTIC TECHNOLOGIES OF VERMONT, INC. ) <br> ) <br> Debtor in Possession. ) | Case No.  13-10729- cab <br> *Chapter 11 case* |
| IN RE: ) <br> ) <br> PLASTIC TECHNOLOGIES OF MARYLAND, INC. ) <br> ) <br> Debtor in Possession. ) | Case No.  13-10730- cab <br> *Chapter 11 case* |
| IN RE: ) <br> ) <br> PLASTIC TECHNOLOGIES OF NEW YORK, LLC ) <br> ) <br> Debtor in Possession. ) | Case No.  13-10731- cab <br> *Chapter 11 case* <br><br> *Pending Joint Administration* |

**DEBTORS' MOTION FOR EMERGENCY HEARING ON
DEBTORS' MOTION FOR ORDER APPROVING BIDDING PROCEDURES
AND RELATED RELIEF**

Plastic Technologies of Vermont, Inc., Plastic Technologies of Maryland, Inc., and Plastic Technologies of New York, LLC (collectively, "Debtors") filed this motion (the "Emergency Motion") requesting an emergency hearing on their motion (the "Motion") seeking an order: (i) approving bidding procedures for sale of substantially all of Debtors' assets (the "Sale"); (ii) approving payment of a break-up fee to Consolidated Container Company LP ("Stalking Horse"); (iii) approving the form of proposed notices; (iv) scheduling an auction (the "Auction"); (v) establishing assumption and assignment procedures for executory contracts and unexpired leases; and (vi) scheduling a further hearing to consider (a) approval of the Sale to Stalking Horse

pursuant to an "Asset Purchase Agreement" with Debtors (the "Stalking Horse APA") and (b) assumption and assignment of executory contracts and unexpired leases.

1. Pursuant to 11 U.S.C. § 105 and Local Rule 9075, Debtors request an emergency hearing on the Motion. Through the Motion, Debtors seek preliminary and final relief related to sale of substantially all of Debtors' assets to Stalking Horse or other successful bidder. Debtors seek an emergency hearing with respect to the preliminary relief – (i) establishment of notices and procedures for bidding and assumption and assignment, (ii) approval of a break-up fee and (iii) scheduling of an auction and final sale hearing (collectively, the "Preliminary Relief").

2. As detailed in the Motion, Debtors' assets are rapidly depreciating. Retention of Debtors' customers is the true value of Debtors' assets to investors. These assets are specifically designed to service Debtors' customers, thus providing investors with an established customer base, but only while customers remain.[1]

3. Without key customers, investors would have to commit additional funds to modify Debtors' assets for use beyond Debtors' existing customers, a substantially less attractive and profitable option. Debtors' customers are already making inquiries of competitors and fear of financial strain and supply interruption caused many of them to place Debtors on cash in advance terms prepetition. It is imperative that hearing on the Preliminary Relief be set immediately so that customers and all interested parties have confidence that the sale process will move forward promptly and, thus, realize value. Doing so will not only allow Debtors to maintain their customer base, and

---

[1] More information regarding Debtors' assets and operations can be found in Debtors' affidavit in support of first day pleadings.

2

therefore attract more investors, but also enable Debtors to maintain full operations until closing of the Sale.

4. Debtors are not seeking an emergency hearing on the final relief sought in the Motion, specifically, approval of the Sale to Stalking Horse or other successful bidder and approval of assumption and assignment of the final list of executory contracts and unexpired leases.

5. If the emergency hearing is granted, a copy of the Motion will be served on the following parties by overnight delivery and electronic mail (if available): (i) the Office of the United States Trustee for the District of Vermont, (ii) Centrix Bank, Debtors' secured lender, (iii) Stalking Horse, (iv) SPR, LLC, Debtors' South Burlington landlord, (v) all parties who have (or are identified on public record as claiming to have) a lien, claim, interest or encumbrance in the Acquired Assets (as defined in the Motion), (vi) all non-debtor parties to a Potential Assumed Contract (as defined in the Motion), (vii) all other parties listed on the master mailing list, (viii) all parties that Debtors, through due diligence, determine to be potential bidders, (ix) all taxing authorities in the jurisdictions where Debtors operate that have a reasonably known interest in the relief requested, and (x) all federal, state and local regulatory authorities known by Debtors to assert jurisdiction over Debtors or their property and to have an interest in the proposed Sale, including, without limitation, all federal, state and local environmental agencies in the jurisdictions where Debtors operate or own or lease real property

### I. NOTICE

6. Notice of this Motion has been given to the following parties, or in lieu thereof, to their counsel by overnight delivery or electronic mail (if available): (i) the Office of the United States Trustee for the District of Vermont; (ii) Debtors' twenty (20) largest unsecured creditors; (iii) Centrix Bank; (iv) SPR, LLC, (v) all parties known to Debtors or shown in the public record as claiming a

lien in Debtors' assets, (vi) Stalking Horse and (vii) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

7. In light of the nature of the relief requested, Debtors submit that no further notice of this Motion is necessary.

Dated at Royalton, Vermont: Monday, October 21, 2013.

        PLASTIC TECHNOLOGIES OF VERMONT, INC.
        PLASTIC TECHNOLOGIES OF MARYLAND, INC.
        PLASTIC TECHNOLOGIES OF NEW YORK, LLC.

By: /s/ *Raymond J. Obuchowski*_____
Raymond J. Obuchowski, Esq.
Donald F. Hayes, Esq.
Obuchowski & Emens-Butler, PC
PO Box 60
Bethel, VT 05032
802-234-6244
802-234-6244 *telefax*
ray@oeblaw.com
www.oeblaw.com

*Proposed Counsel to Chapter 11 Debtors*