UNITED STATES BANKRUPTCY COURT

DISTRICT OF VERMONT

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PLASTIC TECHNOLOGIES OF VERMONT, INC.    ) | Case No.  13-10729- cab |
| PLASTIC TECHNOLOGIES OF MARYLAND, INC.   ) | *Chapter 11 case* |
| PLASTIC TECHNOLOGIES OF NEW YORK, LLC.   ) | Jointly Administered |
| ) | |
| Debtor in Possession.          ) | |

**DEBTOR'S MOTION ON LIMITED NOTICE FOR ENTRY OF A STIPULATED BRIDGE ORDER AUTHORIZING LIMITED USE OF CASH COLLATERAL, WITH POST-PETITION BORROWING, AND GRANTING ADEQUATE PROTECTION IN ACCORDANCE WITH VT. LBR 4001-2(C) AND FOR FINAL AUTHORITY TO AUTHORIZE THE USE OF CASH COLLATERAL AND POST-PETITION BORROWING AFTER NOTICE AND HEARING**

Plastic Technologies of Vermont, Inc., Plastic Technologies of Maryland, Inc., and Plastic Technologies of New York, LLC (collectively, "Debtors"), hereby move pursuant sections 105, 361, 362(a), 363(c) and 364 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code") and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for (i) entry of a stipulated bridge order authorizing the limited use of cash collateral and granting adequate protection pending final approval of the use of cash collateral, and (ii) permission to have such bridge order entered on limited notice without need for a hearing thereon in accordance with Rule 4001-2(c) of the Vermont Local Bankruptcy Rules (the "Local Rules") unless a hearing is otherwise scheduled by the Court and (iii) Authorize the use of Cash Collateral as agreed in the Bridge Order through November 22, 2013, after final

hearing on notice. In support of this Motion, the Debtors respectfully represent as follows:[1]

## BACKGROUND

A. **The Chapter 11 Filing**

1. On October 20, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein are sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Bankruptcy Rules.

4. Debtors' primary business is the manufacture of plastic bottles, detailed further in Debtors' affidavit in support of first day pleadings. As described therein and below, continued financial constraints on Debtors' business necessitates Debtors' sale of substantially all of their assets.

**Need for Use of Cash Collateral.**

5. Contemporaneously with the filing of this Motion, the Debtor filed a

---

[1] In the event of any inconsistency between the Motion and the Stipulated Bridge Order, the Stipulated Bridge Order shall control.

proposed stipulated bridge order requesting permission to use cash collateral, and has requested that an interim hearing related to the same be held on October 22, 2013.

6. The Debtors are parties to prepetition loan agreements with Centrix Bank, who maintains a first priority secured blanket lien against all of the Debtors' assets. Centrix holds a claim of approximately $3,607,208.70 incurred in 2011 and 2012 secured against the Debtors assets. (Hereinafter called the "Prepetition Loan Agreements")

7. Pursuant to the Prepetition Loan Agreement and related documents (the "Prepetition Loan Documents"), the Debtors granted to Centrix Bank certain liens and security interests in a variety of forms of collateral, including, without limitation, collateral that constitutes "Cash Collateral" as defined in section 363 of the Bankruptcy Code (with all such collateral, to the extent subject to valid liens, being referred to herein as the "Prepetition Collateral" and the liens thereon being referred to as the "Prepetition Liens"). The Debtor believes the Prepetition Liens cover substantially all of the Debtor's assets and Cash Collateral.

8. Accordingly, the Debtors believe that it does not have available sufficient sources of unencumbered working capital and financing to operate its business in the ordinary course of business without the use of its cash and accounts. Specifically, absent the right to use Cash Collateral, the Debtors believe there may be a disruption of the Debtors' business and operations which could prevent, among other things, their ability to fund operating expenses, obtain needed supplies and retain customer and supplier confidence by demonstrating an ability to maintain normal operations.

**RELIEF REQUESTED**

9. In order to avoid the immediate and irreparable harm to the Debtors' estates that will occur if the Debtors are not allowed to use Cash Collateral prior to the interim

hearing so as to maintain normal business operations, the Debtors have requested that Centrix Bank permit the use of Cash Collateral. Centrix Bank consents to the use of Cash Collateral in the interim period and has agreed to extend the available Line of Credit for an additional $190,000.00 during the pendency of these cases.

10. Centrix Bank has consented to the use of its Cash Collateral to the extent set forth in the attached Stipulated Bridge Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection (the "Stipulated Bridge Order"). Centrix Bank consents to the use pending final hearing and final use of Cash Collateral for the Specified Period, including the extension of its Line of Credit for an additional $190,000.00 as permitted by 11 USC § 364. As adequate protection, the Stipulated Bridge Order permits the use of Cash Collateral for the period up to and including the date on which the Motion will be considered on a final basis upon notice, and continuing for a 30 day period through November 22, 2013. The Debtors shall not make adequate protection payments to Centrix Bank, but will be granting replacement liens in the Debtors' assets, which assets are intended to be sold in these cases. The Debtors have been unable to obtain any other form of unsecured or secured credit, other than the agreement to extend the current line by only $190,000.00.

11. By this Motion, the Debtor seeks to have this Court enter the Stipulated Bridge Order on limited notice and on an immediate basis without the need for further hearing unless otherwise determined by the Court, but subject to further consideration of Cash Collateral issues on October 22, 2013 and at the time of the final hearing on this Motion.

12. Section 363(c)(2) of the Bankruptcy Code allows a Debtor to use Cash Collateral to the extent that entities with an interest in such collateral have consented to the same. Sections 363 and 361 of the Bankruptcy Code allow the Court to furnish to the secured

creditor adequate protection in such cases. Pursuant to the Stipulated Bridge Order, the Debtors have obtained the consent of Centrix Bank to use Cash Collateral and have accordingly requested authorization to grant related adequate protection in the form of replacement liens and superpriority claims for the diminution in value of any Prepetition Collateral during the period of the Stipulated Bridge Order, including any of the extended line of $190,000.00 used in the interim period.

13. The Debtors believes that Centrix Bank, the Internal Revenue Service (which has subordinated its position to Centrix) and Grenier Center LLC are the only parties with an interest in the Cash Collateral to be used under the Stipulated Bridge Order and thus believe that the bridge order may be entered upon their consent on an *ex parte* basis pursuant to Local Rule 4001-2(c). While Grenier Center LLC has a blanket lien on the Debtors' assets subordinate to Centrix Bank, and the Internal Revenue Service, the value of the Debtors' assets do not exceed the Centrix Bank debt, making the position of Grenier Center, LLC essentially unsecured. Nonetheless, the Debtor has provided certain limited notice as set forth below.

## NOTICE

14. Notice of this Motion has been provided to (a) the Office of the United States Trustee, (b) Centrix Bank, (c) the Internal Revenue Service (d) the secured and undersecured creditors, and (e) the twenty largest unsecured creditors. The Debtors submit that no other or further notice need be provided prior to entry of the Stipulated Bridge Order.

15. The Debtors will provide this Motion, the Stipulated Bridge Order, and the proposed Final Order, on: (a) the Office of the United States Trustee, (b) the holders of the Debtor's secured claims, (c) the holders of the Debtors' twenty largest unsecured claims, and (d) all parties that have filed prior to the date of service requests for notice of matters in this

case. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of the Bankruptcy Court no later than 4:00 pm on November 4, 2013.

### WAIVER OF MEMORANDUM OF LAW

16. This Motion does not raise any novel issues of law. Accordingly, the Debtors respectfully request that the Court waive the requirement of Local Rule 9013-2 that the Debtor file a separate memorandum of law in support of this Motion. The Debtor, however, reserves the right to file a memorandum of law as necessary.

### NO PRIOR REQUEST

17. No previous motion for the relief sought herein has been made to this or any other court.

[ end of text ]

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested in the Motion by entering the Stipulated Bridge Order and granting final relief as set forth in the proposed Final Order as set forth above, and grant such other and further relief as is just and proper.

Dated at Royalton, Vermont: Monday, October 21, 2013.

        PLASTIC TECHNOLOGIES OF VERMONT, INC.
        PLASTIC TECHNOLOGIES OF MARYLAND, INC.
        PLASTIC TECHNOLOGIES OF NEW YORK, LLC.

By:   /s/ *Raymond J. Obuchowski*
      Raymond J. Obuchowski, Esq.
      Jennifer Emens-Butler, Esq.
      Donald F. Hayes, Esq.
      Obuchowski & Emens-Butler, PC
      PO Box 60
      Bethel, VT 05032
      802-234-6244
      802-234-6244 *telefax*
      ray@oeblaw.com
      www.oeblaw.com

*Proposed Counsel to Chapter 11 Debtors*